## In re TWO MINOR CHILDREN

High Court of American Samoa
Trial Division

JUV No. 149-90
JUV No. 150-90

April 10, 1991

Before KRUSE, Chief Justice, MATA'UTIA, Associate Judge, MAILO, Associate Judge.

Counsel: For Petitioner, Afoa L.S. Lutu

The natural parents petition to relinquish their parental rights to their two minor children, whose adoption is being sought by their maternal grandparents. The grandparents are 69 and 63 years of age, both now retired and collecting retirement and social security benefits. The natural parents, on the other hand, are 47 and 41 years of age, and both able-bodied. (Indeed, the home-study report by the Office of Child Protective Services explains that the children first came into the grandparents' care because both parents were working at the time.)

In these matters we are required to consider, among other things, the best interest and welfare of the child, A.S.C.A. § 45.0102, as well as the best interests of all concerned, A.S.C.A. § 45.0402. Perhaps the more important of these considerations is the child's best interest and welfare. However, a petition to relinquish parental rights must naturally be regarded, from the child's point of view, as one which goes against the grain, because it is also effectively a petition to be relieved of all legal responsibilities and obligations towards the child. Thus, a petition to relinquish is not ordinarily favored in these cases unless the evidence is clear and convincing that the grandparents are indeed in a better position to secure the best interest and welfare of the minor. *In re Three Minor Children*, 3 A.S.R.2d 4 (1986); *In re Two Minor Children*, 4 A.S.R.2d 21 (1987); *In re a Minor Child*, 6 A.S.R.2d 123 (1987); *In re Two Minor Children*, 11 A.S.R.2d 91 (1989); *In re a Minor Child*, 11 A.S.R.2d 107 (1989); *In re a Minor Child*, 13 A.S.R.2d 33 (1989). The recurring problem we encounter with these petitions has been the question of the minor's *future* interests. In the natural course of things, these future needs are generally better guaranteed by the child's younger and more able-bodied parents.

The circumstances presented here, however, reveal nothing in the way of the exception as would warrant altering the children's legal relationship to their parents, together with their right to continue to look to them for future support. The principal ground advanced for the

petition is that the children have been under the primary care of the grandparents and that they have become close with one another. While not unmindful of this very healthy state of affairs, we see no reason why the grandparents' desire to care for their grandchildren cannot continue indefinitely without our having to employ the drastic measure of terminating the obligation of support imposed by law upon the parents. Petition is denied.

It is so ordered.